UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

**CAROLYN OUTING**, individually, and on behalf of all others similarly situated

        Plaintiff,

v.

**DYNAMIC SECURITY INC.**,

        Defendant.

Civil Case No.:

## COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **CAROLYN OUTING** (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, JTB LAW GROUP, LLC, and the Orlando Law Firm, P.C., brings this Collective Action Complaint and Demand for Jury Trial against Defendant **DYNAMIC SECURITY, INC.** (hereinafter "Defendant"), and alleges upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a Collective Action on behalf of all others similarly situated, against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees for violation of the

1

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

2.      Defendant was sent two pre-suit litigation letters to discuss this matter and did not reply.

3.      Plaintiff works for Defendant as an hourly paid security guard.

4.      Defendant violated its statutory obligation to compensate hourly paid Security Guards for all their hours worked by paying them based on their shift's start time instead of their actual work time.

5.      As a result of such illegal pay policy and practice, Security Guards, including Plaintiff, were deprived of overtime compensation, at a rate of not less than one and one-half (1.5) times their regular rate of pay, for work performed over forty (40) hours per week.

6.      Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative "FLSA Collective" defined as:

> *All Security Guards employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

7.      Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all of Defendant's Security Guards permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

8. For at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

10. The Court has personal jurisdiction over Defendant because it has significant contacts with the State of Georgia, and Plaintiff's claims arise out of those contacts.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

*Defendant*

12. Defendant **Dynamic Security Incorporated** ("Dynamic Security") has its primary place of business at 1102 Woodward Ave., Muscle Shoals, Alabama 35661.

13. Dynamic Security provides security services at the General Lucius D. Clay National Guard Center located in Cobb County, Georgia.

14. At all relevant times, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

*Plaintiff*

15. Plaintiff **Carolyn Outing** is an adult resident of the State of Georgia.

16. Defendant began employing Plaintiff in approximately January 2017.

17. Defendant presently employs Plaintiff.

18. Throughout her employment with Defendant, Plaintiff was and is an hourly paid, non-exempt Security Guard.

19. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

21. At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

22. At all relevant times alleged herein, Defendant has generated over $500,000 in revenue per year.

23. Defendant is the "employer" of Plaintiff and the members of the putative Collective members (hereinafter "Security Guards") within the meaning of 29 U.S.C. § 203(d).

24. Defendant, directly or indirectly, hired the Security Guards; controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

25. As hourly paid, non-exempt security guards, the Security Guards performed job duties that do not fall within any exemptions from overtime under the FLSA.

26. Defendant failed to pay Security Guards for all of the hours they spent working each week.

27. Defendant requires Security Guards to sign in to work when they begin working.

28. Defendant pays Security Guards beginning on when they are scheduled to begin working.

29. If a Security Guard begins working before a scheduled shift then the Security Guard is not paid for that additional time spent working before the shift began.

30. For example, if a Security Guard is scheduled to work starting at 7:00 AM, but gets to work, signs-in, and begins working at 6:30 AM, Defendant will still pay the Security Guard as if the Security Guard began working at 7:00 AM.

31. By failing to pay for all hours worked, Defendant failed to pay Security Guards overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207.

32. Plaintiff works for Defendant as a Security Guard at the General Lucius D. Clay National Guard Center located in Cobb County, Georgia.

33. Plaintiff signs in when she begins working each day and out after she is done working.

34. Plaintiff begins working at least fifteen minutes before her scheduled shift begins.

35. Plaintiff is not paid for the time she worked before her scheduled shift time.

36. Despite Plaintiff recording when she started working on Defendant's sign in sheet, she was not paid for the hours worked between her sign in time and the shift start time.

37. Plaintiff regularly worked at least forty (40) hours a week.

38. Defendant paid Plaintiff on a biweekly basis.

39. For example, for the pay period that began September 9, 2017 and ended September 22, 2017, Plaintiff was paid for eighty (80) hours at $12.35/hour for a total of $988.00. *See* **Exhibit B**.

40. According to her time records, she worked 41.25 hours the week of September 9, 2017 to September 15, 2017 and 41.25 hours the week of September 16, 2017 to September 22, 2017. *See* **Exhibit C**.

41. She should have been paid for eighty (80) regular hours and 2.5 overtime hours.

42. If she had been paid correctly, she would have been paid $1,034.31—80 hours paid at $12.35/hour and 2.5 hours paid at an overtime premium of $18.525/hour.

43. Security Guards were routinely paid for fewer hours than they actually worked.

44. Security Guards were subjected to the common pay policy and practice as stated herein that violated the FLSA.

45. Defendant maintained control, oversight, and direction over Security Guards, including the promulgation and enforcement of policies affecting the payment of their wages including overtime rate and compensation.

46. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

47. Defendant's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

49. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf herself and of all other similarly situated hourly, non-exempt Security Guards who have been affected by Defendant's common policy and practice of failing to properly pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

50. An "opt-in" collective action, under 29 U.S.C. § 216(b), is warranted by the Defendant's common policies or practices of paying Security Guards from the start

of their scheduled shifts and not from when they record and actually begin working.

51. A collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), all of Defendant's Security Guards employees are "similarly situated" to the named Plaintiff.

52. Plaintiff asserts the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the "FLSA Collective," defined as:

> *All Security Guards employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

53. Plaintiff brings this Collective Action against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

54. The members of the FLSA Collective are similarly situated to the named Plaintiff because they worked in the same or similar positions and were subjected to the same unlawful practices, policies, or plans and their claims are based upon the same factual and legal theories.

55. The working relationships between Defendant and every member of the FLSA Collective are the same and differ only in name.  The key legal issue in the

collective action—whether Defendant's pay policy and practice violates the FLSA—does not vary substantially from one collective member to another collective member.

56. The precise number and identities of Collective members should be readily available from a review of Defendant's personnel and payroll records.

57. Defendant is aware that the FLSA applies to their business at all relevant times and they are required to adhere to the rules under the FLSA.

58. Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

59. Plaintiff seeks to send Notice to all similarly situated hourly, non-exempt Security Guards as provided by 29 U.S.C. § 216(b) and supporting case law.

60. Plaintiff and the putative Collective members demand a trial by jury.

## FIRST CLAIM FOR RELIEF
(*Individual Claim for Unpaid Overtime under the FLSA*)

61. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

62. Defendant employed Plaintiff as an hourly, non-exempt Security Guard.

63. Defendant did not pay Plaintiff for all of the hours she worked despite her recording working those hours.

64. Defendant automatically paid Plaintiff based on her scheduled start time regardless of when she actually began working.

65. Defendant required Plaintiff to work more than forty (40) hours in a workweek.

66. Defendant failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

67. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

68. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

69. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **SECOND CLAIM FOR RELIEF**

(*Collective Action Claim for Unpaid Overtime under the FLSA*)

70. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

71. Defendant employed the FLSA Collective members as hourly, non-exempt Security Guards.

72. Defendant did not pay the FLSA Collective members for all of the hours they worked despite them recording working those hours.

73. Defendant automatically paid the FLSA Collective Members based on their scheduled start time regardless of when they actually began working.

74. Defendant required FLSA Collective members to work more than forty (40) hours in a workweek.

75. Defendant failed to pay FLSA Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

76. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

77. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

78. As a result of Defendant's uniform policies and practices described above, FLSA Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)  A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B)  An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C)  An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiff **CAROLYN OUTING** as Collective representative and the undersigned counsel as Collective Counsel;

(D)  An Order requiring Defendant to produce a list of names, addresses, job descriptions, and dates of employment of all members of the putative FLSA Collective;

(E)     An Order authorizing Plaintiff's counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b);

(F)     An Order directing Defendant, at its own expense, to investigate and account for the number of regular and overtime hours actually worked by Plaintiff and all putative Collective members;

(G)     Judgment for damages for all unpaid overtime compensation to which Plaintiff and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(H)     Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime wages owed to Plaintiff and members of the Collective during the applicable statutory period;

(I)     Incentive Awards for the lead Plaintiff;

(J)     An Order directing Defendant to pay Plaintiff and members of the Collective reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, 29 U.S.C. §201 *et seq.*;

(K)     Judgment for any and all civil penalties to which Plaintiff and members of the Collective may be entitled; and

(L)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: December 18, 2017                Respectfully submitted,

**THE ORLANDO LAW FIRM, P.C.**

*/s/ Roger W. Orlando*
Roger W. Orlando (Ga. Bar 554295)
Suite 400
315 West Ponce de Leon Avenue
Decatur, Georgia 30030
roger@OrlandoFrim.com
(404) 373-1800 (office)
(404) 373-6999 (fax)

*Local Attorneys for Plaintiff*

**JTB LAW GROUP, LLC**

Alexander Imel (will *pro hac vice*)
alec.imel@jtblawgroup.com
Jason T Brown (will *pro hac vice*)
jtb@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
(877) 561-0000 (office)
(855) 582-5297 (fax)

*Lead Attorneys for Plaintiff*

15